IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUAN CADAVID YEPES,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV514-085

DAMON T. HININGER; JOHN BAXTER;
JEREMY WAUN; ISSAC JOHASTON;
SHELDAN RICHARDSON; MINDY
GRADAM; T. JOHNS; ROBYN CROSS;
and S. WILLIS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 (2014) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement while housed at D. Ray James Correctional Facility and, previously, at Leavenworth Detention Center in Leavenworth, Kansas. (Doc. 1, pp. 1, 3, 6).[1] A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A. In determining compliance, the court is guided by the

---

[1] The undersigned notes that Plaintiff filed his complaint on a form used for civil rights actions pursuant to 42 U.S.C. § 1983 (2014). (See Doc. 1, p. 1). But because Plaintiff alleges civil rights violations by employees of private entities under contract with the federal government (see id.), Bivens provides the basis on which Plaintiff could obtain relief. See Bivens, 403 U.S. at 390–98.

AO 72A
(Rev. 8/82)

longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

Section 1915A requires a district court to screen a prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b).

Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss an action that "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, the Eleventh Circuit Court of Appeals interpreted the language in section 1915(e)(2)(B)(ii). 112 F.3d 1483, 1490 (11th Cir. 1997). Noting that this language closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for deciding whether to dismiss under that rule for failure to state a claim apply equally in evaluating prisoner complaints filed pursuant to section 1915(e)(2)(B)(ii). Id. While the court in Mitchell interpreted section 1915, its interpretation guides this Court in applying the nearly identical language of the screening provisions in section 1915A.

Plaintiff asserts that while he was housed at Leavenworth Detention Center, he sustained a back injury and did not receive proper medical care. (Doc. 1, p. 8). Plaintiff contends that he subsequently received a transfer to D. Ray James Correctional Facility, where an outside radiologist diagnosed his condition as Lumbar Osteoarthritis. (Id.). According to Plaintiff, however, the prison officials at D. Ray James Correctional

Facility have failed to administer the prescribed treatment plan for his diagnosis and have rejected Plaintiff's requests for further evaluation and testing with a doctor or specialist. (Id. at pp. 8–9). Plaintiff filed the instant action against several Leavenworth Detention Center supervisors and employees—Damon Hininger, John Baxter, Jeremy Waun, Issac Jchaston, Sheldan Richardson, and Mindy Gradam[2]—as well as D. Ray James Correctional Facility employees T. Johns, Robyn Cross, and S. Willis. (Id. at pp. 1–2). Plaintiff seeks relief pursuant to the First, Eighth, and Fourteenth Amendments. (Id. at p. 10).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft, 556 U.S. at 678).

Plaintiff cannot sustain a Bivens claim against Defendants Johns, Cross, and Willis, employees of D. Ray James Correctional Facility. The United States Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative

---

[2] The undersigned notes that Defendants Hininger and Baxter actually are employees of Corrections Corporation of America, the entity that owns and operates Leavenworth Detention Center. (See Doc. 1, pp. 1, 8). This distinction, however, makes no practical difference in the disposition of Plaintiff's claims against these Defendants at this time. See infra p. 4.

damages actions.³ Minneci v. Pollard, 132 S. Ct. 617, 620 (2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development)).

The GEO Group, Inc. is a private entity that owns and operates D. Ray James Correctional Facility under a contract with the Bureau of Prisons. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state-law remedies available to him, he may not maintain a cause of action pursuant to Bivens against the employees of this privately operated facility. Because it appears that Plaintiff may pursue damages claims against Defendants Johns, Cross, and Willis in state court,⁴ Plaintiff's Bivens action against these Defendants should be **DISMISSED**.

Plaintiff likewise cannot proceed against the Defendants from Leavenworth Detention Center, because Plaintiff's Complaint fails to plead facts showing that this Court has personal jurisdiction over these Defendants and that venue is proper in this Court. See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257–63 (11th Cir. 2010) (setting forth a two-step inquiry for personal jurisdiction involving the Georgia long-arm statute and the Due Process Clause of the Fourteenth Amendment); 28 U.S.C. § 1391(b) (prescribing the venue requirements). It appears

---

³ The undersigned also notes that in the Eleventh Circuit, such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249, 1255–56 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against employees of a prison owned and operated by Corrections Corporation of America, a private entity under contract with the Bureau of Prisons).

⁴ The Court offers no opinion as to the efficacy of such a pursuit.

4

that these Defendants reside outside of Georgia and that Plaintiff's allegations against these Defendants relate only to events that allegedly occurred during his incarceration in Leavenworth, Kansas. (See Doc. 1, p. 8). Because Leavenworth, Kansas, lies in the District of Kansas, see 28 U.S.C. § 96, the undersigned recommends that Plaintiff's claims against the remaining Defendants be **TRANSFERRED** to that judicial district for disposition.

### CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants Johns, Cross, and Willis should be **DISMISSED** for failure to state a claim upon which relief can be granted. In addition, Plaintiff's claims against Defendants Hininger, Baxter, Waun, Jchaston, Richardson, and Gradam should be **TRANSFERRED** to the District of Kansas. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 27th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE