# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| JUAN CADAVID YEPES,<br><br>    Plaintiff,<br><br>vs.<br><br>DAMON T. HININGER; JOHN BAXTER; JEREMY WAUN; ISSAC JOHASTON; SHELDAN RICHARDSON; MINDY GRADAM; T. JOHNS; ROBYN CROSS; and S. WILLIS,<br><br>    Defendants. | CIVIL ACTION NO.:CV514-085 |

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Order and Report and Recommendation dated January 27, 2015. Dkt. No. 12. The Magistrate Judge ordered the denial of Plaintiff's Motion for Leave to Proceed in Forma Pauperis, dkt. no. 2, and recommended that Plaintiff's claims against certain Defendants be dismissed and that the others be transferred to the District of Kansas for disposition. Dkt. No. 9, p. 5; Dkt. No. 10, p. 5. After careful review, the undersigned **OVERRULES** Plaintiff's Objections and concurs with the Magistrate Judge's findings and recommendations. The Magistrate Judge's Order on Plaintiff's Motion for Leave to

1

AO 72A
(Rev. 8/82)

Proceed in Forma Pauperis remains the Order of the Court, and his Report and Recommendation is hereby **ADOPTED** as the Opinion of the Court. Dkt. Nos. 9-10.

## BACKGROUND

On October 23, 2014, Plaintiff, an inmate, filed this action contesting certain conditions of his confinement, pursuant to 28 U.S.C. § 1331 (2014) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Dkt. No. 1, p. 1.[1] Specifically, Plaintiff asserts that he received inadequate medical care, in violation of his constitutional rights, while housed at D. Ray James Correctional Facility in Folkston, Georgia, and, previously, at Leavenworth Detention Center in Leavenworth, Kansas. Id. at pp. 1, 3, 6, 8-9. Plaintiff names several Defendants. See id. at pp. 1-2. He brings suit against Leavenworth Detention Center supervisors and employees Jeremy Waun, Issac Johaston, Sheldan Richardson, and Mindy Gradam. Id. at p. 1. He has also asserts claims against Damon Hininger and John Baxter, two employees of Corrections Corporation of America, an entity that owns and operates Leavenworth Detention Center. Id. at pp. 1, 8. As to D. Ray

---

[1] The Magistrate Judge correctly determined that, despite Plaintiff's use of a form complaint for actions under 42 U.S.C. § 1983 (2014), Plaintiff appears to be proceeding under 28 U.S.C. § 1331 and Bivens. Dkt. No. 10, p. 1 n.1 ("[B]ecause Plaintiff alleges civil rights violations by employees of private entities under contract with the federal government . . . Bivens provides the basis on which Plaintiff could obtain relief." (citing Bivens, 403 U.S. at 390-98)). Plaintiff does not object to this characterization of his cause of action. See Dkt. No. 12, p. 2 (arguing, in his Objections, that he can "sustain a Bivens claim").

2

James Correctional Facility, Plaintiff sues employees T. Johns, Robyn Cross, and S. Willis. Id. at pp. 1-2.

Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. Dkt. No. 2; see also Dkt. No. 8, Ex. B. In that Motion, Plaintiff represented that he lacked sufficient funds to pay this Court's filing fees at that time and, therefore, requested permission to proceed without the prepayment of those fees. Dkt. No. 2, pp. 1-2; see also Dkt. No. 8, Ex. B, pp. 1-2.

In his Order and Report and Recommendation dated January 27, 2015, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims against the employees of D. Ray James Correctional Facility—Defendants Johns, Cross, and Willis—for failure to state a claim upon which relief may be granted. Dkt. No. 10, p. 5. The Magistrate Judge explained that Plaintiff cannot sustain a Bivens claim against these Defendants, because D. Ray James Correctional Facility is privately operated and state law provides an adequate remedy under these circumstances. Id. at pp. 3-4 (citing Minneci v. Pollard, 132 S. Ct. 617, 620 (2012), and Alba v. Montford, 517 F.3d 1249, 1255-56 (11th Cir. 2008)).

In addition, the Magistrate Judge recommended that Plaintiff's claims against the officials of Leavenworth Detention Center and Corrections Corporation of America—

Defendants Waun, Johaston, Richardson, Gradam, Hininger, and Baxter—be transferred to the District of Kansas. Id. at p. 5. The Magistrate Judge cited a lack of personal jurisdiction and improper venue, reasoning that "these Defendants reside outside of Georgia and that Plaintiff's allegations against these Defendants relate only to events that allegedly occurred during his incarceration in Leavenworth, Kansas." Id. at pp. 4-5. Finally, the Magistrate Judge determined that Plaintiff could not proceed in forma pauperis. Id. at p. 5.

On February 19, 2015, Plaintiff filed Objections to the Magistrate Judge's Order and Report and Recommendation. Dkt. No. 12. In his Objections, Plaintiff states that the Order and Report and Recommendation violate federal law, because the Magistrate Judge never received Plaintiff's consent and "is not authorized to enter a final order." Id. at pp. 2-3 (citing 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73). Plaintiff further objects to the Magistrate Judge's conclusion as to the D. Ray James Correctional Facility employees; Plaintiff argues that his allegations of deliberate indifference to his medical needs, in violation of his Eighth Amendment rights, are sufficient to sustain Bivens claims against these Defendants. Id. Plaintiff also states that he opposes the Magistrate Judge's recommendation to transfer his remaining claims to the District of Kansas. Id. at p. 2.

## DISCUSSION

The Magistrate Judge correctly stated the law applicable to Plaintiff's claims and properly applied the law to the allegations of Plaintiff's Complaint. The Court need not restate that analysis at length in this Order. However, the Court does specifically address the Plaintiff's Objections.

### I. Plaintiff's Objections to the Magistrate Judge's Authority

Plaintiff cites 28 U.S.C. § 636 ("Section 636") and the Federal Rules of Civil Procedure for the proposition that the Magistrate Judge acted outside the scope of his authority in filing the Order and Report and Recommendation without Plaintiff's consent. Dkt. No. 12, pp. 2-3.

Section 636 sets forth the jurisdiction and powers of a United States magistrate judge, and the Federal Rules of Civil Procedure are consistent with that mandate. See 28 U.S.C. § 636; Fed. R. Civ. P. 72-73. Under Section 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," subject to certain enumerated exceptions. 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) (referring to such pretrial matters as those that are "not dispositive of a party's claim or defense"). When a magistrate judge rules on a nondispositive pretrial matter, a district judge may reconsider the matter only "where it has been shown

5

that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

In addition, Section 636(b)(1)(B) provides that a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b)(1) (noting that a magistrate judge may be "assigned, without the parties' consent, to hear . . . a prisoner petition challenging the conditions of confinement" and to "enter a recommended disposition"). If any party objects to a magistrate judge's findings and recommendations, a district judge must "make a de novo determination" and "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3).

Section 636(c), which Plaintiff cites in his Objections, states that "[u]pon consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," provided that certain conditions are met. 28 U.S.C. § 636(c)(1); see also Fed. R. Civ. P. 73 (setting forth the procedure for consenting to a trial before a magistrate judge).

6

AO 72A
(Rev. 8/82)

Contrary to Plaintiff's contentions, the Magistrate Judge had authority to enter the Report and Recommendation, which merely informs the undersigned's disposition of Plaintiff's Complaint and does not constitute a final order on the matter. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). While the Magistrate Judge would need the parties' consent before presiding over a trial or entering a judgment in this case, the applicable rules place no similar condition on the authority exercised here. See 28 U.S.C. § 636(b)-(c); Fed. R. Civ. P. 72-73.

Section 636 and the Federal Rules of Civil Procedure unequivocally authorize the Magistrate Judge's filing of the Order and Report and Recommendation. Indeed, the Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Consequently, Plaintiff's Objections on this front are without merit.

## II. Plaintiff's Objections to the Magistrate Judge's Order

Plaintiff's Objections do not clearly state the basis on which he opposes the Magistrate Judge's Order on his Motion to Proceed in Forma Pauperis. See Dkt. No. 12. While Plaintiff mentions the Order numerous times in his Objections, Plaintiff uses the term interchangeably with "Report and Recommendation."

7

See, e.g., id. at p. 2 ("[Plaintiff] object[s] in opposition the order and Magistrate Judge's and recommendation . . . . [Plaintiff] object[s] in opposition the order of TRANSFER."). In these instances, Plaintiff goes on to challenge the Magistrate Judge's authority or the substance of his recommendations. See id. Nevertheless, the Court, construing the Objections favorably to Plaintiff, will proceed under the assumption that Plaintiff also intends to challenge the Magistrate Judge's Order denying him in forma pauperis status.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Petitions to proceed in forma pauperis are governed by 28 U.S.C. § 1915 ("Section 1915"). In determining whether to grant a prisoner's petition to proceed in forma pauperis, a court examines the prisoner's financial means as well as the factual and legal merit of his claims. See id. § 1915(a), (d); see, e.g., Spears v. McCotter, 766 F.2d 179, 180-81 (5th Cir. 1985).

Plaintiff sets forth no specific allegations of error as to the Magistrate Judge's decision to deny him in forma pauperis

8

status. Moreover, the Magistrate Judge discussed the provisions of Section 1915 in detail, and it appears that he was guided by the relevant considerations under that section in assessing Plaintiff's Motion. See generally Dkt. No. 10. Because Plaintiff fails to suggest that the Magistrate Judge's analysis was clearly erroneous or contrary to law, the undersigned finds no basis on which to disrupt his Order. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### III. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

In addition to objecting to the Magistrate Judge's authority to issue the Report and Recommendation, Plaintiff also objects to the substance of the Magistrate Judge's conclusions. First, Plaintiff objects to the Magistrate Judge's recommendation that his claims against the employees of D. Ray James Correctional Facility be dismissed. Dkt. No. 12, p. 2. In support, Plaintiff argues that he can sustain a Bivens action against these Defendants based on alleged Eighth Amendment violations. Id. (alleging deliberate indifference to his medical needs). Second, Plaintiff states that he opposes the Magistrate Judge's recommendation to transfer his claims against the remaining Defendants; however, Plaintiff offers no further argument on this point. See id.

As stated above, upon the objection of a party, a district judge must "make a de novo determination" and "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). Thus, the undersigned must consider, de novo, the legal sufficiency of Plaintiff's Complaint. See 28 U.S.C. § 1915A. In doing so, the undersigned abides by the principle that a pro se complaint is entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), but nevertheless "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (1937) (citations omitted) (internal quotation marks omitted).

To state a plausible claim for relief under Bivens, a plaintiff must allege that (1) a person acting under color of federal law (2) deprived him of a right secured by the Constitution or federal law. Bivens, 403 U.S. at 390-97. However, as the Magistrate Judge explained, the United States Supreme Court held in Minneci v. Pollard that a federal prisoner cannot state a claim for damages under Bivens

> where, as here, [he] seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the

10

        conduct involving improper medical care at issue here).

132 S. Ct. 617, 626 (2012) (stating that the prisoner must pursue the remedy available under state tort law); see also Dkt. No. 10, pp. 3-4.

    In his Complaint, Plaintiff avers that The Geo Group, Inc. operates D. Ray James Correctional Facility, indicating that this federal prison is operated by a private corporation, rather than the federal government. See, e.g., Dkt. No. 1, pp. 8, 13, 15. Plaintiff further seeks damages from the employees of this privately operated federal prison, alleging that they provided insufficient medical care in violation of the Eighth Amendment. Id. at pp. 8-10. Accepting these facts as true, Plaintiff's Complaint sets forth the exact circumstances in which Minneci proscribes a Bivens action and, therefore, fails to state any plausible Bivens claim against the employees from D. Ray James Correctional Facility. See Minneci, 132 S. Ct. at 626.

    As to the Defendants from Leavenworth Detention Center and Corrections Corporation of America, this Court need not reach the issue of whether Plaintiff sufficiently states claims under Bivens. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." Diamond Crystal Brands,

11

Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting United Techs. Corps. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)); see also id. at 1257-60 (requiring facts showing that jurisdiction comports with both the Georgia long-arm statute and the Fourteenth Amendment Due Process Clause).

Plaintiff alleges that these Defendants are located in Leavenworth, Kansas, and Nashville, Tennessee, and that their allegedly wrongful acts occurred only in Leavenworth, Kansas. Dkt. No. 1, pp. 6-7, 8. On these facts, Plaintiff has failed to demonstrate any basis on which this Court could exercise personal jurisdiction over these Defendants. See Diamond Crystal Brands, Inc., 593 F.3d at 1257-60. Furthermore, it appears that this Court is not the proper venue for Plaintiff's claims arising out of the events at Leavenworth Detention Center. See 28 U.S.C. § 1391(b). Because it appears that Plaintiff could have filed these claims in the District of Kansas, it is in the interest of justice to transfer these claims to that judicial district for disposition. See 28 U.S.C. § 1406(a) (stating that where venue is improper, a court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," even if the transferring court lacks personal jurisdiction over the defendant).

12

**CONCLUSION**

For the reasons set forth above, Plaintiff's Objections, dkt. no. 12, are **OVERRULED**. The Magistrate Judge's Order denying Plaintiff's Motion to Proceed in Forma Pauperis remains the Order of the Court, and his Report and Recommendation is **ADOPTED** as the Opinion of the Court. Dkt. Nos. 9-10. Accordingly, Plaintiff's claims against Defendants Johns, Cross, and Willis are hereby **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to **TRANSFER** this cause of action to the District of Kansas for the resolution of Plaintiff's claims against Defendants Waun, Johaston, Richardson, Gradam, Hininger, and Baxter.

**SO ORDERED**, this 6 day of April, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA